# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MARIANN LORD

**(b)** County of Residence of First Listed Plaintiff: Cape May
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire Console Mattiacci Law, LLC
110 Marter Avenue, Suite 502 Morestown, NJ 08057
(856) 854-4000

**DEFENDANTS**

ACCENTURE LLP

County of Residence of First Listed Defendant: Cook
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice
PERSONAL INJURY: ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights; ☐ 441 Voting; ☒ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty
Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark; ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit (15 USC 1681 or 1692); ☐ 485 Telephone Consumer Protection Act; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. § 621, et seq ;N.J.S.A. 10:5-1, et seq. ("NJLAD").

Brief description of cause:
Age discrimination surrounding termination of employment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $75,000
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: April 8, 2021
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARIANN LORD**<br>**Ocean City, NJ 08226**<br><br>**Plaintiff**<br><br>**v.**<br><br>**ACCENTURE LLP**<br>**161 North Clark Street**<br>**Chicago, IL 60601**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

Plaintiff, Mariann Lord, brings this action against his former employer, Accenture LLP ("Defendant"), for discriminating against Plaintiff based upon her age, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq*. ("NJLAD").

Defendant terminated Plaintiff effective July 23, 2020, at age 64, for false and pretextual reasons, after approximately 13 years of dedicated service and excellent performance. Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff Mariann Lord is an individual and a citizen of the State of New

Jersey. Plaintiff resides in Ocean City, New Jersey.

2. Plaintiff was born on January 29, 1956 and is currently 65 years of age.

3. Defendant Accenture LLP maintains a principal place of business located in Chicago, Illinois.

4. Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the State of New Jersey.

5. At all relevant times, Defendant employed 20 or more employees.

6. At all relevant times, Defendant was an employer within the meaning of the statutes which form the basis of this matter.

7. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

8. At all relevant times, Defendant acted by and through its authorized agents, servants, contractors and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. <u>JURISDICTION AND VENUE</u>

9. The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

10. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c), 28 U.S.C. §1331 and 28 U.S.C. §1332.

11. This Court has jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

12. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims

occurred within this District.

13. On or about September 22, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of that charge (with personal identifying information redacted).

14. On or about January 20, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's EEOC Charge. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff was hired by Defendant in or around August 2007.

17. As of her July 23, 2020 termination, Plaintiff held the position of Managing Director, Business Process Outsourcing Sales Capture Lead.

18. Throughout her approximately 13 years of service with Defendant, Plaintiff was a loyal and dedicated employee who performed her job duties in a highly successful manner. Plaintiff received merit bonuses and positive feedback throughout her employment.

19. Plaintiff worked out of her home office in New Jersey.

20. As of in or around January 2020, Plaintiff began reporting to James Reesing ("Reesing") (approximate age 48), Managing Director of Sales.

21. Reesing reporting to Ronald Ableman (approximate age 48), Lead Sales for North America.

22. Before reporting to Reesing, Plaintiff reported to Mark Allen ("Allen") (approximate age 50), Business Process Services Products Northeast Portfolio Lead.

23. To the best of Plaintiff's knowledge, she was the oldest employee directly reporting to Allen.

24. To the best of Plaintiff's knowledge, she was the oldest employee directly reporting to Reesing.

25. In or around early 2019, Thad Reece ("Reece") (approximate age 45), Sales Capture Lead, was transferred to Plaintiff's team to lead certain origination efforts and to work on accounts that Plaintiff had previously worked on and led.

26. Defendant's stated reason for transferring Reece to Plaintiff's team was to secure more business opportunities for Defendant.

27. Upon information and belief, the real reason that Reece was transferred to Plaintiff's team to lead certain origination efforts and to work on accounts that Plaintiff had previously worked on and led was because of Plaintiff's age.

28. In or around mid-2019, Plaintiff was given less substantial sales opportunities than she had previously been given by Defendant.

29. Instead of giving those sales opportunities to Plaintiff, Defendant gave them to younger employees, including Reece.

30. Plaintiff was not given any explanation as to why she was given less substantial sales opportunities than she had been given previously.

31. Plaintiff was given less substantial sales opportunities because of her age.

32. Plaintiff repeatedly sent emails to and scheduled phone calls with Allen, Reece, Reesing and Amy LaRosa (approximate age 48), Managing Director, requesting

additional work and opportunities.

33. In response to Plaintiff's requests, she was told that she would be given more work and opportunities, but she was not.

34. Plaintiff received less additional and substantial work and opportunities as compared to younger employees.

35. Plaintiff received less additional and substantial work and opportunities because of her age.

36. During Plaintiff's 2019 year-end review, Allen told Plaintiff that her sales numbers did not reach the target Defendant set for her as a result of Defendant's failure to provide her with sales opportunities.

37. On or about June 22, 2020, during a phone call with Allen, Defendant terminated Plaintiff's employment, effective July 23, 2020.

38. Defendant's stated reason for terminating Plaintiff was that, due to COVID-19, Defendant initiated a reduction in force, and Plaintiff was selected due to the loss of Defendant's Wabtec account.

39. Defendant offered no explanation, including the selection criteria, as to why Plaintiff was terminated while substantially younger employees were retained.

40. As of when Plaintiff was terminated, Defendant retained substantially younger employees who were working on the Wabtec account.

41. As of when Plaintiff was terminated, Defendant retained substantially younger employees in positions for which Plaintiff was more qualified.

42. All of the employees that Defendant retained in Plaintiff's department as of her termination were substantially younger than Plaintiff.

43. Plaintiff had no opportunity or option to remain employed at Defendant.

44. Plaintiff had no disciplinary or performance issues throughout her employment.

45. Defendant terminated Plaintiff's employment because of her age.

46. Defendant assigned Plaintiff's job duties to substantially younger employees.

47. Plaintiff was as, if not more, qualified and experienced to perform her job duties as compared to the substantially younger employees to whom Defendant assigned her job duties.

48. As of Plaintiff's termination, according to Defendant's OWBPA list, Defendant retained the following younger employees in positions for which Plaintiff was more qualified:

- age 32, Operations Account Leadership Senior Manager;
- age 36, Account Executive, Operations;
- age 37, Sales Capture Manager;
- age 37, Operations Account Leadership Senior Manager;
- age 38, Operations Account Leadership Senior Manager;
- age 38, Operations Account Leadership Senior Manager;
- age 38, Operations Account Leadership Senior Manager;
- age 38, Business Operations Senior Analyst;
- age 38, Procurement Category Manager;
- age 38, Service Management Associate Manager;
- age 40, Operations Account Leadership Senior Manager;
- age 40, Operations Account Leadership Senior Manager;
- age 41, Operations Account Leadership Senior Manager;
- age 42, Operations Account Leadership Senior Manager;
- age 42, Operations Account Leadership Senior Manager;
- age 42, Sales Capture Senior Manager;
- age 43, Operations Account Leadership Senior Manager;
- age 43, Operations Account Leadership Senior Manager;
- age 43, Operations Account Leadership Senior Manager;
- age 43, Operations Account Leadership Senior Manager;
- age 43, Operations Account Leadership Senior Manager;
- age 44, Operations Account Leadership Senior Manager;

- age 44, Senior Portfolio Executive, Operations
- age 45, Senior Account Executive, Operations;
- age 45, Operations Account Leadership Senior Manager;
- age 45, Operations Account Leadership Manager;
- age 46, Account Executive, Operations;
- age 46, Operations Account Leadership Senior Manager;
- age 46, Operations Account Leadership Senior Manager;
- age 46, Operations Account Leadership Senior Manager;
- age 47, Operations Account Leadership Senior Manager;
- age 47, Operations Account Leadership Senior Manager;
- age 47, Operations Account Leadership Senior Manager;
- age 47, Operations Account Leadership Senior Manager;
- age 47, Account Executive, Operations;
- age 47, Account Director, Operations;
- age 48, Senior Portfolio Executive, Operations;
- age 48, Portfolio Executive, Operations;
- age 48, Operations Account Leadership Manager;
- age 48, Senior Sales Management Executive;
- age 48, Account Executive, Operations;
- age 48, Operations Account Leadership Senior Manager;
- age 49, Service Management Manager;
- age 50, Portfolio Director, Operations;
- age 50, Operations Account Leadership Senior Manager;
- age 50, Account Executive, Operations;
- age 51, Sales Management Director;
- age 51, Operations Account Leadership Senior Manager;
- age 51, Operations Account Leadership Senior Manager;
- age 53, Operations Account Leadership Senior Manager;
- age 56, Operations Account Leadership Senior Manager;
- age 56, Operations Account Leadership Senior Manager;
- age 56, Operations Account Leadership Senior Manager;
- age 56, Sales Capture Senior Manager;
- age 57, Operations Account Leadership Senior Manager;
- age 58, Operations Account Leadership Senior Manager;
- age 58, Operations Account Leadership Senior Manager;
- age 59, Operations Account Leadership Senior Manager; and
- age 59, Account Director, Operations.

49. Leading up to and following Plaintiff's termination, Defendant hired substantially younger employees into positions for which Plaintiff was more qualified.

50. Plaintiff outperformed similarly situated and substantially younger employees who were retained by Defendant.

51. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

52. Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate Plaintiff's employment.

53. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

## COUNT I – ADEA

54. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

56. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

57. Said violations were willful and warrant the imposition of liquidated damages.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59. No previous application has been made for the relief requested herein.

**COUNT II – NJLAD**

60. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

61. Defendant, by engaging in the discriminatory acts set forth herein, has violated the NJLAD.

62. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein.

63. Defendant's wrongful actions were especially egregious, warranting the imposition of punitive damages.

64. As a direct and proximate result of Defendant's violations of the NJLAD, Plaintiff has suffered the damages and losses set forth herein.

65. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of the NJLAD;

c. enjoining and restraining permanently the violations alleged herein;

d. awarding damages to Plaintiff for past and future economic losses;

e. awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

f. awarding punitive damages to Plaintiff pursuant to the NJLAD;

g. awarding liquidated damages to Plaintiff pursuant to the ADEA;

h. awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

i. granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

j. awarding Plaintiff such other damages as are appropriate under the ADEA, the NJLAD and federal and state law; and

k. granting such other and further relief as this Court deems appropriate.

Dated: April 8, 2021

**CONSOLE MATTIACCI LAW, LLC**

By: ______________________________

Kevin Console, Esq.
110 Marter Ave, Suite 502
Moorestown, NJ 08057
(856) 854-4000
kevinconsole@consolelaw.com

Attorney for Plaintiff,
Mariann Lord

# EXHIBIT 1

| **CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q FEPA<br>**X** EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Mariann Lord** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED | |
|---|---|---|
| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Ocean City, NJ 08226 | DATE OF BIRTH<br>REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Accenture LLP** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(877) 889-9009 |
|---|---|---|
| STREET ADDRESS<br>161 North Clark Street | CITY, STATE AND ZIP<br>Chicago, IL 60601 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race Q Color Q Sex Q Religion Q National Origin<br>Q Retaliation **X** Age Q Disability Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest* *Latest* 07/23/2020 |
|---|---|

**The Particulars Are:**

A. 1. Relevant Work History

I was hired by Respondent on or about August 2007. I last held the position of Managing Director, Business Process Outsourcing Sales Capture Lead. I reported to James Reesing (48[a]), Managing Director, Sales. Reesing reported to Ronald Ableman (48), Lead Sales for North America. I worked out of my home office in New Jersey.

Respondent terminated my employment because of my age. I was age sixty-four (64) with more than thirteen (13) years of service at Respondent. When I was terminated, Respondent retained substantially younger employees in positions for which I was more qualified and assigned my job duties and responsibilities to less qualified, substantially younger employees.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>____________________<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date: Charging Party (*Signature*): [signature] | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

[a] All ages herein are approximations.

2. Harm Summary

I have been discriminated against because of my age (64). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) Before I reported to Reesing, I reported to Mark Allen (50), Business Process Services Products Northeast Portfolio Lead.

(b) I was the oldest employee, to my knowledge, directly reporting to Allen.

(c) In or about early 2019, Thad Reece (45), Sales Capture Lead, was transferred to the same team that I was part of to lead certain origination efforts and assigned to work on accounts that I had previously worked on and led. The stated reason was to secure more business opportunities for Respondent.

(d) Reece was transferred to the same team that I was part of to lead certain origination efforts and assigned to work on accounts that I had previously worked on and led because of my age.

(e) In or about mid-2019, I was given fewer substantial sales opportunities than I had received previously. Instead of giving me substantial sales opportunities, Respondent gave them to younger employees, including Reece.

(f) I received no explanation as to why I was given fewer substantial sales opportunities than I had received previously.

(g) I was given fewer substantial sales opportunities than I had received previously because of my age.

(h) I repeatedly sent emails to and scheduled phone calls with Allen, Reece, Reesing and Amy LaRosa (48), Managing Director, requesting additional work and opportunities. I was told that I would be given more work and opportunities, but I was not.

(i) I received fewer additional and substantial work and opportunities than younger employees received.

(j) I received fewer additional and substantial work and opportunities than younger employees received because of my age.

(k) In or about January 2020, I began directly reporting to Reesing.

(l) I was the oldest employee directly reporting to Reesing.

(m) On June 22, 2020, on a phone call with Allen, Respondent terminated my employment, effective July 23, 2020. The stated reason was that, due to COVID-19, Respondent initiated a reduction in force, and I was selected due to the loss of Respondent's Wabtec account.

(n) Respondent terminated my employment because of my age.

(o) Respondent offered no explanation, including the selection criteria, as to why I was terminated and substantially younger employees were retained.

(p) When I was terminated, Respondent retained substantially younger employees who were working on the Wabtec account.

(q) When I was terminated, Respondent retained substantially younger employees in positions for which I was more qualified.

(r) All of the employees that Respondent retained in my department when I was terminated were substantially younger than me.

(s) I had no opportunity or option to remain employed with Respondent.

(t) I had no disciplinary or performance issues throughout my employment.

(u) Respondent assigned my job duties to substantially younger employees. I was as, if not more, qualified and experienced to perform my job duties than the substantially younger employees to whom Respondent assigned my job duties.

(v) When I was terminated, according to Respondent's OWBPA list, Respondent retained the following younger employees in positions for which I was more qualified.

i. __________ (32), Operations Account Leadership Senior Manager;

ii. __________ (36), Account Executive, Operations;

iii. __________ (37), Sales Capture Manager;

iv. __________ (37), Operations Account Leadership Senior Manager;

v. __________ (38), Operations Account Leadership Senior Manager;

vi. __________ (38), Operations Account Leadership Senior Manager;

vii. __________ (38), Operations Account Leadership Senior Manager;

viii. __________ (38), Business Operations Senior Analyst;

ix. __________ (38), Procurement Category Manager;

x. __________ (38), Service Management Associate Manager;

xi. __________ (40), Operations Account Leadership Senior Manager;

xii. __________ (40), Operations Account Leadership Senior Manager;

xiii. __________ (41), Operations Account Leadership Senior Manager;

xiv. __________ (42), Operations Account Leadership Senior Manager;

xv. __________ (42), Operations Account Leadership Senior Manager;

xvi. __________ (42), Sales Capture Senior Manager;

xvii. __________ (43), Operations Account Leadership Senior Manager;

xviii. __________ (43), Operations Account Leadership Senior Manager;

xix. __________ (43), Operations Account Leadership Senior Manager;

xx. __________ (43), Operations Account Leadership Senior Manager;

xxi. __________ (43), Operations Account Leadership Senior Manager;

xxii. __________ (44), Operations Account Leadership Senior Manager;

xxiii. __________ (44), Senior Portfolio Executive, Operations

xxiv. __________ (45), Senior Account Executive, Operations;

xxv. __________ (45), Operations Account Leadership Senior Manager;

xxvi. __________ (45), Operations Account Leadership Manager;

xxvii. __________ (46), Account Executive, Operations;

xxviii. __________ (46), Operations Account Leadership Senior Manager;

xxix. __________ (46), Operations Account Leadership Senior Manager;

xxx. __________ (46), Operations Account Leadership Senior Manager;

xxxi. __________ (47), Operations Account Leadership Senior Manager;

xxxii. __________ (47), Operations Account Leadership Senior Manager;

xxxiii. __________ (47), Operations Account Leadership Senior Manager;

xxxiv. __________ (47), Operations Account Leadership Senior Manager;

xxxv. __________ (47), Account Executive, Operations;

xxxvi. __________ (47), Account Director, Operations;

xxxvii. __________ (48), Senior Portfolio Executive, Operations;

xxxviii. __________ (48), Portfolio Executive, Operations;

xxxix. __________ (48), Operations Account Leadership Manager;

xl. __________ (48), Senior Sales Management Executive;

xli. __________ (48), Account Executive, Operations;

xlii. __________ (48), Operations Account Leadership Senior Manager;

xliii. __________ (49), Service Management Manager;

xliv. __________ (50), Portfolio Director, Operations;

xlv. __________ (50), Operations Account Leadership Senior Manager;

xlvi. __________ (50), Account Executive, Operations;

xlvii. __________ (51), Sales Management Director;

xlviii. __________ (51), Operations Account Leadership Senior Manager;

xlix. __________ (51), Operations Account Leadership Senior Manager;

l. __________ (53), Operations Account Leadership Senior Manager;

li. __________ (56), Operations Account Leadership Senior Manager;

lii. __________ (56), Operations Account Leadership Senior Manager;

liii. __________ (56), Operations Account Leadership Senior Manager;

liv. __________ (56), Sales Capture Senior Manager;

lv. __________ (57), Operations Account Leadership Senior Manager;

lvi. __________ (58), Operations Account Leadership Senior Manager;

lvii. __________ (58), Operations Account Leadership Senior Manager;

lviii. __________ (59), Operations Account Leadership Senior Manager;

lix. __________ (59), Account Director, Operations.

(w) Respondent recently hired substantially younger employees in positions for which I was more qualified.

(x) Respondent's age discrimination has caused me emotional distress.

B. 1. Respondent's Stated Reasons

(a) Respondent's stated reason for terminating my employment, that, due to COVID-19, Respondent initiated a reduction in force, and I was selected due to the loss of the Wabtec account, is pretext for age discrimination.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (64), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq*. ("NJLAD") as set forth herein.

# EXHIBIT 2

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Mariann Lord**
REDACTED
**Ocean City, NJ 08226**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-05947** | **Legal Unit, Legal Technician** | **(267) 589-9700** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

X The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Jamie R. Williamson,**
**District Director**

**1/20/2021**
*(Date Issued)*

Enclosures(s)

cc:

**Michael Roche, Esq.**
**Attorney at Law**
**WINSTON & STRAWN LLP**
**35 W. Wacker Drive**
**Chicago, IL 60601**

**Emily Derstine Friesen, Esq.**
**CONSOLE MATTIACCI LAW, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***